## JOHN KNAPKA v. CHRISTIAN LINCK.

**Pleading—Legal Conclusion.**

Where the cross-petition alleges that the plaintiff is indebted to defendant in the sum of $65 for a cow sold and delivered to plaintiff, a reply merely denying that plaintiff is indebted to defendant in the sum of $65 or in any sum for a cow sold and delivered to her at the the price stated or at any other price, is a mere conclusion of law, and insufficient.

**Pleading—Variance.**

There can be no variance between the allegations in a pleading and the proof, unless the pleading contains an allegation of fact, or raises some issue of fact.

APPEAL FFOM PENDLETON CIRCUIT COURT.

December 10, 1872.

OPINION BY JUDGE LINDSAY:

The circuit court committed no error, either in instructing the jury or in admitting or excluding testimony. Appellant, by his cross-petition, charges directly that appellee is indebted to him in the sum of sixty-five dollars for one cow sold and delivered at that price. To this paragraph there is no sufficient reply; appellee merely denies that he is indebted to appellant in the sum of sixty-five dollars, or in any other sum for a cow sold and delivered to him at the price stated or any other price.

He in effect pleads a conclusion of law. He does not deny that the cow was sold and delivered to him at the agreed price of sixty-five dollars; nor does he allege that he has paid or otherwise extinguished the debt.

This court has repeatedly held that such a plea raises no issue and is entitled to no consideration. (*Haggard v. Hay,* 13 B. Monroe 175).

Nor can the judgment be upheld under the provisions 156 section of the civil code, because proof was heard conducing to show that the cow had been paid for. There can be no variance between the allegation in a pleading, and the proof, unless the pleading contains an allegation of fact, or raises some issue of fact. This plead-

ing does neither. Appellant was called upon to prove nothing, and could not be required under it to rebut, explain or contradict any proof that might be offered.

He had the right to take his claim for the cow for confessed even after verdict against him.

Wherefore the judgment is reversed and the cause remanded for a new trial consistent with this opinion.

*Lee, for appellant.*

*Perrin, for appellee.*